UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,

       -against-                                                      03 Crim. 0308 (LAK)

ARNOLD MAURICE BENGIS, et al.,

                Defendants.
------------------------------------x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Defendants were convicted of various criminal offenses and sentenced some time ago. Determination of restitution has been deferred. Extensive efforts to resolve amicably the hotly contested restitution issues have come to naught. The sums at issue are large. There are significant legal issues. There may be material factual issues.

       The Court recently raised with the parties whether it would be permissible and appropriate to refer the matter to a magistrate judge for the purpose of conducting any necessary hearings, including any necessary evidentiary hearing, and to submit to the undersigned proposed findings of fact, conclusions of law, and a recommendation for disposition, subject to *de novo* determination by the undersigned of any portion of the report or proposed findings, conclusions and recommendation to which objection is taken.

       The statutory authority for such a reference is undeniable[1] and uncontested.

---

[1] Section 636(b)(3) of the Judicial Code, 28 U.S.C. § 636(b)(3), provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." Section 3664(d)(6) of the Criminal Code, 18 U.S.C. § 3664(d)(6), further provides that "[t]he court may refer any issue arising in connection with a proposed order of restitution to a magistrate judge or special master for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the

Nevertheless, defendants Arnold and David Bengis and Jeffrey Noll object to any such reference. They argue in principal part that it would violate their "personal Article III right to have all critical stages of their case heard by an Article III judge."[2]

*United States v. Raddatz*[3] is instructive with respect to defendants' constitutional argument. In that case, the trial court, over defendant's objection, referred a motion to suppress evidence to a magistrate judge to hear the motion and to propose findings of fact and recommend disposition pursuant to 28 U.S.C. § 636(b)(1)(B), which specifically authorizes such referrals subject to *de novo* determination by the district judge of any objections. After rejecting a statutory argument not relevant here, the Court turned to defendant's claims that *de novo* determination of objections by the district court without the district court personally hearing live testimony violated the Due Process Clause of the Fifth Amendment and Article III of the Constitution. Notwithstanding its acknowledgment that the outcome of the suppression motion "would, as a practical matter, determine the outcome of the prosecution,"[4] it rejected the due process claim on the grounds that "the interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself"[5] and that the provision for *de novo* determination, as opposed to *de novo* hearing of the

---

issue by the court."

[2] Letter, Barry Bohrer, May 26, 2006, at 2.

The government has no objection to a reference, but has expressed its preference on efficiency grounds for this Court retaining the matter.

[3] 447 U.S. 667 (1980).

[4] *Id.* at 677.

[5] *Id.* at 679.

evidence, was sufficient to protect the defendant's interests with respect to the issue of suppression.[6] And it went on to reject the Article III argument as well, holding that the delegation of authority to the magistrate judge "does not violate Art. III so long as the ultimate decision is made by the district court."[7]

*Raddatz* is highly instructive. If, as the Court there held, a motion to suppress may be referred to a magistrate judge, subject to *de novo* review by the district court, even where the outcome of the motion as a practical matter will be dispositive of the criminal prosecution, this Court sees no reason why referral after conviction of a restitution dispute, also subject to *de novo* review, would violate a defendant's rights. After all, a defendant's interest in the restitution issue following conviction is no more weighty than his or her interest in whether evidence dispositive of guilt or innocence will be suppressed and quite likely less weighty. And while *Raddatz* did not address the question whether a reference as to restitution would violate a defendant's right to have a district judge preside at all critical stages of the case in precisely those words, that question implicitly was resolved by its holding that neither the Due Process Clause nor Article III required that the district judge actually hear the evidence on the suppression motion in person.

Accordingly, this Court concludes that a reference of the restitution issue to a magistrate judge pursuant to 18 U.S.C. § 3664(d)(6) and 28 U.S.C. § 636(b)(3) would be consistent with the statutes and the Constitution. The restitution issues are referred to Magistrate Judge Andrew J. Peck to conduct such proceedings, including any evidentiary hearing, as he may deem

---

[6] *Id.* at 679-81.

[7] *Id.* at 683.

appropriate and to recommend findings of fact, conclusions of law and a disposition of the matter subject to *de novo* determination by the Court of any objection thereto.

        SO ORDERED.

Dated: June 2, 2006

                                                            Lewis A. Kaplan
                                                    United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)