# Exhibit B

DATED   11TH DAY OF MARCH   1997

(1)   HANS BACHOFEN

(2)   DUNROS TRUST COMPANY LIMITED

---

## THE ROSEBUD SETTLEMENT

---

Mishcon de Reya
21 Southampton Row
London
WC1B 5HS

# Mishcon de Reya   Solicitors

21 Southampton Row, London WC1B 5HS
Tel +44 (0)171 440 7000   Fax +44 (0)171 404 5982   DX 37954 Kingsway
Internet: postmaster@mishcon.co.uk

KR-0177

One thousand nine hundred and ninety-seven

BETWEEN

(1)     HANS BACHOFEN of Grossmunsterplatz 6  P O Box 4401  CH-8022  Zurich
("the Settlor")

(2)     DUNROS TRUST COMPANY LIMITED of Aeulestrasse 74     FL-9490
Vaduz  Liechtenstein ("the Trustees") which expression shall where the context
so admits include the trustees or trustee for the time being of this Settlement

WHEREAS:

(A)     THE Settlor  wishes to make this Settlement and has transferred or delivered to
the Trustees or otherwise placed under their control the property specified in the
Second Schedule and from time to time further moneys investments or other
property may be paid or transferred to the Trustees by way of addition

(B)     IT is intended that this Settlement shall be irrevocable

NOW THIS SETTLEMENT IRREVOCABLY WITNESSES as follows:

1.      <u>Definitions</u>

IN this Settlement where the context so admits:-

(a)     "the Trust Fund " shall mean

        (i)        the property specified in the Second Schedule and

- 1 -

KR-0177

person or persons to or so as to be under the control of and (in either case) accepted by the Trustees as additions and

(iii) all accumulations (if any) of income directed to be held as an accretion to capital and

(iv) the money investments and property from time to time representing the said money investments property additions and accumulations

(b) "the Trust Period" shall mean the period ending on the earlier of:-

(i) the last day of the period of 80 years from the date of this Settlement or

(ii) such date as the Trustees shall by instrument specify (not being a date earlier than the date of execution of such instrument)

(c) "the Beneficiaries" shall subject as provided by Clauses 4 mean such objects or persons (whether or not such objects or persons are now in existence or come into existence during the Trust Period) as are nominated by the Trustees by instrument in writing under Clause 3

(d) "company" shall mean any body corporate (of whatever kind) incorporated or brought into existence in any part of the world

(e) "instrument" shall mean an instrument in writing signed by its parties in the presence of an independent witness and dated or in the case of a company which is a party executed in accordance with its Articles of Association or Statutes

(f) "minor" shall mean any individual who has not attained the age of twenty years

- 2 -

KR-0177

(h)    "the Law" means the Trusts (Jersey) Law 1984 and every modification or re-enactment for the time being in force

2.    Trust for sale

THE Trustees shall hold the Trust Fund upon trust as to investments or property other than money in their absolute discretion to sell call in or convert into money all or any of such investments or property but with power to postpone such sale calling in or conversion and to permit the same to remain as invested and upon trust as to money with the like discretion to invest the same in their names or under their control in any of the investments authorised by this Settlement or by law with power at the like discretion from time to time to vary or transpose any such investments for others so authorised

3.    Power to add to the Beneficiaries

(a)    The Trustees may at any time or times during the Trust Period nominate as Beneficiaries such one or more objects or persons or classes of persons as the Trustees shall (subject to the application (if any) of the rule against perpetuities) determine and no Beneficiary may prevent the nomination of new beneficiaries under this Settlement

(b)    Any such nomination shall be made by instrument

(i)    naming or describing the objects or persons or classes of persons to be nominated and

(ii)    specifying the date or the happening of the event (not being earlier than the date of execution of the instrument but before the end of the Trust Period) upon which the nomination shall take effect

KR-0177

Beneficiaries

4.   Power of Exclusion

(a)    THE Trustees may at any time or times before the end of the Trust Period declare by instrument that the object or persons named or specified (whether or not ascertained) in such instrument who are would or might but this clause be or become one of the Beneficiaries or otherwise able to benefit as the case may be:

(i)        shall be wholly or partially excluded from future benefit or

(ii)       shall be an Excluded Person or Persons

Any such declaration may be [irrevocable] [or revocable] during the Trust Period and shall have effect from the date specified in the instrument provided that this power shall not be capable of being exercised so as to derogate from any interest to which any of the Beneficiaries has previously become indefeasibly entitled whether in possession or in reversion or otherwise

(b)    Any person who has ceased to be a minor who may receive any benefit out of the capital or income of the Trust Fund whether directly or indirectly may by declaration in writing to take effect before the end of the Trust Period

(i)        disclaim such benefit either in whole or in part or

(ii)       declare that such person ceases to be one of the Beneficiaries, or

(iii)      declare that such person shall be an Excluded Person

and such declaration shall have effect from the date specified in such declaration provided that where such declaration is made in respect of the whole it shall be

- 4 -

KR-0177

and is expressed to be revocable it may be revoked in the manner and under the circumstances referred to in such declaration

5.      Trusts of added property

THE Trustees shall hold the Trust Fund upon with and subject to the trusts powers and provisions of this Settlement and the Trustees shall have the right at any time or times during the Trust Period to accept such additional money investments or other property as may be paid or transferred to them upon these trusts by the Settlor or any other person either personally or by testamentary act or disposition (including property of an onerous nature the acceptance of which the Trustees consider to be beneficial)

6.      Power of appointment

THE Trustees shall hold the capital and income of the Trust Fund upon such trusts in favour or for the benefit of all or such one or more of the Beneficiaries exclusive of the other or others of them in such shares or proportions if more than one and with and subject to such powers and provisions for their respective maintenance education or other benefit or for the accumulation of income (including administrative powers and provisions and discretionary trusts and powers to be executed or exercised by any persons or person whether or not being or including the Trustees or any of them) and so that the exercise of this power of appointment may be delegated to any extent and in such manner generally as the Trustees (subject to the application (if any) of the rule against perpetuities) by any instrument or instruments revocable during the Trust Period or irrevocable and executed during the Trust Period shall with the written consent of the Protector (if any) appoint Provided always that no exercise of this power shall invalidate any prior payment or application of all or any part or parts of the capital or income of the Trust Fund made under any other power or powers conferred by this Settlement or by law

KR-0177

UNTIL and subject to and in default of any appointment under Clause 6:

(a)     the Trustees shall pay or apply the income of the Trust Fund to or for the benefit of all or such one or more of the Beneficiaries exclusive of the other or others of them as shall for the time being be in existence and in such shares if more than one and in such manner generally as the Trustees shall in their absolute discretion from time to time think fit

(b)     notwithstanding the provisions of sub-clause (a) the Trustees may at any time or times during the Trust Period in their absolute discretion instead of applying all or any part or parts of the income accumulate the same in the way of compound interest by investing or otherwise applying it and its resulting income from time to time in any applications or investments authorised by this Settlement or by law and subject to sub-clause (c) shall hold such accumulations as an accretion to capital

(c)     the Trustees may at any time or times during the Trust Period apply the whole or any part or parts of the income accumulated under sub-clause (b) as if it were income arising in the then current year

(d)     notwithstanding the trusts powers and provisions declared and contained in this clause the Trustees may:-

(i)     at any time or times during the Trust Period pay or apply the whole or any part or parts of the capital of the Trust Fund to or for the benefit of all or such one or more of the Beneficiaries exclusive of the other or others of them in such shares if more than one and in such manner generally as the Trustees shall in their absolute discretion think fit

- 6 -

KR-0177

or transfer any income or capital of the Trust Fund to the trustees of any other trust wherever established or existing under which all or any one or more of the Beneficiaries is or are interested (whether or not all or such one or more of the Beneficiaries is or are the only objects or persons interested or capable of benefiting under such other trust) if the Trustees shall in their absolute discretion consider such payment to be for the benefit of all or such one or more of the Beneficiaries

8.        Ultimate default trusts

SUBJECT as above and if and so far as not wholly disposed of for any reason whatever by the above provisions the capital and income of the Trust Fund shall be held in trust for such one or more charities nominated by instrument by the Trustees

9.        Administrative powers

THE Trustees shall in addition and without prejudice to all powers and immunities under the Law or otherwise have the powers and immunities set out in the First Schedule provided that the Trustees shall not exercise any of their powers so as to conflict with the beneficial provisions of this Settlement.

10.       Exercise of powers

(a)       THE Trustees shall exercise the powers and discretions vested in them as they shall think most expedient for the benefit of all or any of the persons actually or prospectively interested under this Settlement and may exercise (or refrain from exercising) any power or discretion for the benefit of any one or more of them without being obliged to consider the interests of the others or other of them

(b)       Subject to sub-clause (a) every discretion vested in the Trustees shall be absolute and uncontrolled and every power vested in the Trustees shall be absolute and

KR-0177

discretion in deciding whether or not to exercise any such power

11.     Delegation of Powers

(a)     THE Trustees or any of them shall have power (notwithstanding any rule of law to the contrary) by instrument or instruments revocable during the Trust Period or irrevocable and executed during the Trust Period to delegate to any person or to any corporate trustee the execution or exercise of all or any trusts powers and discretions hereby or by the Law or otherwise conferred on the Trustees provided that all necessary consents shall continue to be required and notwithstanding the fiduciary nature of such power or powers

(b)     Every trustee who is a company may exercise or concur in exercising any discretion or power hereby conferred on the Trustees by a resolution of its board of directors or governing body or may delegate the right and power to exercise or concur in exercising such discretion or power to one or more members of its board of directors or governing body appointed from time to time by such board of directors or governing body for that purpose

(c)     The Trustees may delegate to any one or more of their number the operation of any bank account in their names

12.     Restriction and release of powers

THE Trustees shall have power at any time or times by instrument or instruments revocable during the Trust Period or irrevocable to release or to any extent restrict the future exercise of any powers however conferred on them notwithstanding the fiduciary nature of any such powers and subject to the same consents as are required for the exercise of such power provided that the power conferred upon the Trustees by Clause 3 shall not be capable of being released or restricted unless at the date of any such release or restriction there are at least two Beneficiaries

- 8 -

KR-0177

DESPITE anything contained elsewhere in this Settlement no discretion shall be exercisable after the expiry of the Trust Period or in such a way as to infringe any rule against perpetuities or excessive accumulations applicable to this Settlement

14.   Power of appointment of new or additional trustees

(a)   IF any trustee whether original additional or substituted shall die or being a company shall be dissolved or shall give notice of a desire to withdraw and be discharged from these trusts or shall refuse or become unfit to act then

(i)   The Trustees or if there shall be no trustee in existence or able to act

(ii)   The Royal Court of Jersey or the court of such other place which shall then be the forum for the administration or these trusts in accordance with a declaration by the Trustees in the terms of Clause 20 the Trustees may by instrument appoint one or more other persons or companies (whether resident within or without the Island of Jersey) to be a trustee or trustees in place of the trustee or trustees so deceased dissolved desiring to withdraw and be discharged refusing or becoming unfit to act

(b)   The office of a trustee shall ipso facto be determined and vacated if such trustee being an individual shall be found to be a lunatic or of unsound mind or shall become subject to any proceedings under the insolvency or bankruptcy laws applicable to such trustee or if such trustee being a company shall enter into liquidation whether compulsory or voluntary (not being merely a voluntary liquidation for the purpose of amalgamation or reconstruction)

KR-0177

power to appoint one or more other persons or companies (whether resident within or without the Island of Jersey) to be an additional trustee or trustees

(d)   Acts and instruments done or executed for the proper vesting of the Trust Fund in new or additional trustees shall be done and executed by the continuing or retiring trustee or trustees at the expense of the income or capital of the Trust Fund PROVIDED THAT an outgoing trustee who is liable as a trustee or who may at the death of any person be liable as a trustee or on any other occasion be liable as a former trustee for any taxes wherever they may be imposed and of whatsoever nature shall not be bound to transfer the Trust Fund unless reasonable security is provided for indemnifying such outgoing trustee against such liability

(e)   The Royal Court of Jersey or the court of such other place which shall then be the forum for the administration shall have power to vest the Trust Fund in the Trustees appointed by such court

(f)   On every change in the trusteeship a memorandum shall be endorsed on or permanently annexed to this Settlement stating the names of the Trustees for the time being and shall be signed by the persons so named and any person shall be entitled to rely upon such memorandum (or the latest of such memoranda if more than one) as sufficient evidence that the Trustees named in such memorandum are the duly constituted trustees for the time being

(g)   There shall be no requirement that there be more than one trustee

15.   Indemnity of retiring trustee

IF a trustee retires from the trust or becomes by reason of residence or place of incorporation incapable of acting as a trustee such trustee shall be released from all claims demands actions proceedings and accounts of any kind on the part of any person (whether in existence or not) actually or prospectively interested under this Settlement for or in respect of the capital and

KR-0177



purported execution of these trusts other than and except only actions:

(a)     arising from any fraud or fraudulent breach of trust in which such trustee or (in the case of a corporate trustee) any of its officers was a party or privy to recover from such trustee the whole or any part of the Trust Fund in the possession of such trustee or previously received by such trustee (or in the case of a corporate trustee) any of its officers and converted to the use of such trustee or officer

(b)     to recover from such trustee the whole or any part of the Trust Fund in the possession of such trustee or previously received by such trustee (or in the case of a corporate trustee) and of its officer and converted to the use of such trustee or officer

16.     <u>Trustee charging clause</u>

(a)     ANY trustee (whether original new additional or substituted) which shall be a trust corporation or company authorised to undertake trust business shall be entitled in addition to reimbursement of its proper expenses to remuneration for its services in accordance with its published terms and conditions for trust business in force from time to time and in the absence of any such published terms and conditions in accordance with such terms and conditions as may from time to time be agreed between such trustee and the person or persons by whom the power of appointing new trustees is for the time being exercisable

(b)     Any trustee who is a solicitor or other person engaged in a profession or business shall be entitled to charge and be paid all normal professional or other charges for business done services rendered or time spent personally or by such trustee's firm in the administration of these trusts including acts which a trustee not engaged in any profession or business could have done personally

KR-0177

THE clause headings are included for reference only and do not affect the interpretation of this Settlement

18.    Power to vary administrative provisions

THE Trustees shall have power at any time or times during the Trust Period by instrument to revoke or vary any of the administrative provisions of this Settlement or to add any further administrative provisions in such manner in all respects (but subject to the following provisions) as the Trustees may consider expedient for the purposes of this Settlement including without prejudice to the generality of the above provisions for ensuring that at all times there should be a trustee and that the Trust Fund shall be fully and effectively vested in or under the control of such trustee and that the trusts of this Settlement shall be enforceable by the persons interested PROVIDED ALWAYS that the power conferred by this clause shall only be exercisable if the Trustees shall be advised in writing by a lawyer of at least ten years' standing practising in the law of the jurisdiction which is for the time being the proper law of this Settlement that it would be expedient for the purposes of this Settlement that the administrative provisions of this Settlement be revoked varied or added to in the manner specified in such written advice and such power shall be exercisable only by the Trustees causing to be prepared and executed an instrument in the form appropriate to carry such advice into effect

19.    Proper law forum and place of administration

(a)    THE proper law of this Settlement shall be that of the Island of Jersey and all rights under this Settlement and its construction and effect shall be subject to the jurisdiction of and construed according to the laws of the Island of Jersey.

(b)    The courts of the Island of Jersey shall be the forum for the administration of these trusts

KR-0177

(i)        The Trustees shall have power (subject to the application (if any) of the rule against perpetuities) to carry on the general administration of these trusts in any jurisdiction in the world whether or not such jurisdiction is for the time being the proper law of this Settlement or the courts of such jurisdiction are for the time being the forum for the administration of these trusts and whether or not the Trustees or any of them are for the time being resident or domiciled in or otherwise connected with such jurisdiction

(ii)      The Trustees may at any time declare by instrument that from the date of such declaration the proper law of this Settlement shall be that of any specified jurisdiction (not being a jurisdiction under the law of which this Settlement would be capable of revocation) and that all rights under this Settlement and its construction and effect shall be subject to and construed according to the laws of that jurisdiction

(iii)    The Trustees may at any time declare by instrument that from the date of such declaration the forum for the administration of these trusts shall be the courts of any specified jurisdiction

20.     <u>Name</u>

THIS Settlement shall be known as "THE SETTLEMENT" or by such other title as the Trustees shall from time to time appoint by instrument in writing

IN WITNESS whereof the parties have executed this Settlement the day and year first above written

- 13 -

1.      Power of investment

(a)      SUBJECT as provided below any moneys requiring investment may be invested in or upon any investments of whatever nature and wherever situate whether producing income or not (including the purchase of any immovable or movable property or any interest in such property and including purchases made for the purpose of enabling all or any one or more of the Beneficiaries to have the occupation use or enjoyment in specie of the asset purchased or other purposes which the Trustees consider to be in the interests of any one or more of the Beneficiaries) as the Trustees shall in their absolute discretion think fit so that the Trustees shall have the same full and unrestricted powers of making and changing investments of such moneys as if they were absolutely and beneficially entitled to such moneys and without prejudice to the generality of the above the Trustees shall not be under any obligation to diversify their investment of such moneys

(b)      The acquisition of any reversionary interest or any policy of insurance or assurance sinking fund policy or other policy of whatever nature or any annuity or securities or other investments not producing income or of a wasting nature or for any other reason not within the meaning of the word "investment" strictly construed shall be deemed to be an authorised investment of trust moneys if the Trustees shall consider the same to be for the benefit of any one or more of the Beneficiaries

(c)      Where any such reversionary interest policy security or investment as is described in sub-clause (b) is comprised in the Trust Fund or where any other security or investment is sold with the right to receive the

KP-0177

value or of any premium or bonus or other sum (whether in respect of arrears of or prospective dividend or interest or income or otherwise) which accrues or is payable when the same falls into possession or is redeemed or matures or on repayment of the capital moneys so secured or when any sale or disposal is made shall be apportionable to or be treated as income

(d)     The Trustees shall have power to exchange property for other property of a like or different nature and for such consideration and on such conditions as they in their absolute discretion think fit

2.     <u>Power to lend and to give guarantees</u>

(a)     THE Trustees shall have power to lend money or property to any one or more of the Beneficiaries either free of interest or on such terms as to payment of interest and generally as the Trustees shall in their absolute discretion think fit

(b)     The Trustees shall have power to guarantee the payment of money and the performance of obligations in respect of any existing or future borrowings by any one or more of the Beneficiaries from third parties or guarantees indemnities or other commitments of like nature given to third parties by any one or more of the Beneficiaries including without prejudice to the generality of the above the power to pledge the whole or part of the assets comprising the Trust Fund in support of any such guarantee given as above by the Trustees and to enter into such indemnities as they shall in their absolute discretion think fit in connection with any such guarantee

3.     <u>Power to permit occupation of property and enjoyment of chattels</u>

KR-0177

occupy or reside in or upon any real or immovable property or to have the enjoyment and use of chattels or other movable property for the time being held upon these trusts on such terms as to payment of rent rates taxes and other expenses and outgoings and as to insurance repair and decoration and generally upon such terms as the Trustees shall in their absolute discretion think fit

4.     Power to borrow

THE Trustees shall have power to borrow and raise money on the security of the Trust Fund for any purpose (including the investment of the moneys so raised as part of the Trust Fund) and to create a security interest over mortgage charge hypothecate or pledge any part of the Trust Fund as security for any moneys so raised and to guarantee the payment of money and the performance of obligations in respect of borrowings by any company fully or partly owned by the Trustees and in connection with such guarantees to enter into such indemnities as the Trustees shall in their absolute discretion think fit

5.     Powers in relation to real property

WHERE the Trust Fund for the time being includes any real or immovable property (in this clause referred to as "the land")

(a)     The Trustees may lease all or any part of the land for any purpose and whether involving waste or not and for any term and either wholly or partly in consideration of a rent (whether fixed or variable) or fine or premium or the erection improvement or repair or any agreement to erect improve or repair buildings or other structures on the land and may accept (with or without consideration) surrender of any lease of all or any part of the land

EB-0177

any part of the land either wholly or partly in consideration of an annual sum payable either in perpetuity or for any term (whether definite or indefinite) and being either reserved out of the land sold or secured in such other manner as the Trustees shall in their absolute discretion think fit

(c)     The Trustees may in executing any trust or power of sale or leasing:

(i)     sell or lease all or any part of the land whether the division is horizontal or vertical or made in any other way

(ii)     sell or lease or reserve any easement or right or privilege over all or any part of the land

(iii)     sell or lease or except or reserve any timber or mines or minerals on or in or under all or any part of the land together with any easements rights or privileges of cutting or working and carrying away the same or otherwise incidental to or connected with forestry or mining purposes

(iv)     impose and make binding for the benefit of all or any part of the land sold or leased any restrictions or stipulations as to user or otherwise affecting any part of the land retained

(v)     accept in exchange for all or any part of the land to be sold or leased (either with or without any money paid or received for equality of exchange) any other real or immovable property or any lease

ER-0177

leasing of all or any part of the land or otherwise for the exercise by the Trustees of any of their above powers

(d)     The Trustees shall not be bound to see nor be liable or accountable for omitting or neglecting to see to the repair or insurance of any buildings or other structures on the land or to the payment of any outgoings or otherwise as to the maintenance of the land or any buildings or other structures on the land but may maintain repair or insure the same in such manner and to such extent as they shall in their absolute discretion think fit

(e)     The Trustees may from time to time expend moneys altering or improving the land or any buildings or other structures on the land (including erecting demolishing or rebuilding the same) to such extent and in such manner as they shall in their absolute discretion think fit and any certificate in writing of any architect or surveyor employed by the Trustees to the effect that any work specified in such certificate is or includes an alteration or an improvement to the land or any such building or other structure shall be conclusive as between the Trustees and the Beneficiaries that any money expended on such work was properly expended in exercise of this power

6.     <u>Powers in relation to chattels</u>

WHERE the Trust Fund for the time being includes any chattels (in this clause referred to as "the chattels")

(a)     the Trustees may sell lease hire deposit store or otherwise deal with the chattels upon such terms as they shall in their absolute discretion think fit

KR-0177

omitting or neglecting to see to the repair or insurance of the chattels
but may repair and insure the chattels in such manner and to such
extent as they shall in their absolute discretion think fit

7.    Power to trade

(a)    THE Trustees shall have power to trade or take part in any venture in
the nature of trade whether solely or jointly with any other person and
whether or not by way of partnership (limited or general) and for
these purposes make such arrangements as they shall in their absolute
discretion think fit and may delegate any exercise of this power to any
one or more of their number or to a company or partnership formed
for this purpose

(b)    Any power vested in the Trustees under this Settlement shall (where
applicable) extend to any arrangements in connection with any such
trade or venture and in particular but without prejudice to the
generality of the above the Trustees' powers of borrowing and
charging shall extend to any borrowing arrangements made in
connection with such trade or venture and whether made severally or
jointly with others or with unequal liability and the Trustees shall be
entitled to be fully indemnified out of the Trust Fund against all
personal liability to which they may become in any manner subject in
connection with any such trade or venture

8.    Power to give indemnities

(a)    THE Trustees shall have power to enter into any indemnity to the
extent permitted by law in favour of any former trustee or any other
person in respect of any fiscal imposition or other liability of any
nature prospectively payable in respect of the Trust Fund or otherwise

KR-0177

security interest over the whole or any part of the Trust Fund as
security for any such indemnity in such manner in all respects as they
shall in their absolute discretion think fit

(b)   The Trustees shall have power to give or enter into any indemnity
warranty guarantee undertaking or covenant or enter into any type of
agreement that they shall in their absolute discretion think fit relating
to the transfer or sale of a business or private company shareholding
held or owned for the time being by the Trustees whether relating to
the business or company itself its assets liabilities shares or employees
or any other aspect of the business or company in favour of any
transferee purchaser or other relevant party and including any
limitation or restriction on value or otherwise as the Trustees shall in
their absolute discretion think fit

9.    Exclusion of apportionment

NO rules of apportionment (if any) under the Law or otherwise shall apply to this
Settlement and the Trustees shall be permitted to treat all dividends and other
payments in the nature of income received by them as income at the date of
receipt irrespective of the period for which the dividend or other income is
payable

10.   Power to deal with insurance policies

THE Trustees shall in addition and without prejudice to all statutory and other
powers conferred upon them have the following powers in relation to any
insurance policy ("the policy") from time to time comprised in the Trust Fund

(a)        To borrow on the security of the policy for any purpose

KR-0177

assured free from payment of future premiums

(c)     To surrender the policy wholly or any part or any bonus attaching to the policy for its cash surrender value

(d)     To sell the policy or any substituted policy on such terms as the Trustees shall in their absolute discretion think fit

(e)     To exercise any of the powers conferred by the policy or with the consent of the insurer to alter the amount or occasion of the payment of the sum assured or to increase or decrease the amount of the periodic premiums (if any) payable under the policy or to alter the period during which the premiums are payable and to do any of these things notwithstanding that the sum assured may be reduced subject always to production of evidence of insurability satisfactory to the insurer

11.     <u>Power to pay taxes</u>

IN the event of probate succession estate duty or other duties fees or taxes whatsoever becoming payable in the Island of Jersey or elsewhere in respect of the Trust Fund or any part in any circumstances whatsoever including without limiting the foregoing in respect of any property transferred by or to or under the control of the Trustees or any Beneficiary the Trustees shall have power to pay all such duties fees and taxes out of the capital or income of the Trust Fund as they shall consider just and reasonable and shall have entire discretion as to the time and manner in which such duties fees or taxes shall be paid and so that the Trustees shall be empowered to pay duties fees and taxes arising by virtue of a claim made under any foreign law notwithstanding that the same may not be enforceable against the Trustees under the proper law from time to time governing this Settlement or in the jurisdiction in which they are domiciled or resident and

KR-0177

advantage of the Beneficiaries or any of them and no person interested under this Settlement shall be entitled to make any claim whatsoever against the Trustees by reason of them making such payment

12.  Power to pay costs

THE Trustees shall have power to pay out of the income or capital of the Trust Fund all costs of and incidental to the preparation execution and stamping of this Settlement

13.  Power of appropriation

THE Trustees shall have power in their absolute discretion to appropriate any part of the Trust Fund in its then actual condition or state of investment in or towards satisfaction of any interest or share in the Trust Fund as may in all the circumstances appear to them to be just and reasonable and for the above purposes from time to time to place such value on any or all investments or other property as they shall in their absolute discretion think fit

14.  Power to vote and to employ nominees and custodians

IN respect of any property comprised in the Trust Fund the Trustees shall have power

(a)      to vote upon or in respect of any shares securities bonds notes or other evidence of interest in or obligation of any company trust association or concern whether or not affecting the security or the apparent security of the Trust Fund or the purchase or sale or lease of the assets of any such company trust association or concern

- 22 -

KR-0177

with any depositary designated under such a voting trust

(c)    to give proxies or powers of attorney with or without power of substitution for voting or acting on behalf of the Trustees as the owners of any such property

(d)    to hold any or all securities or other property in bearer form or in the names of the Trustees or any one or more of them or in the name of some other person or partnership or in the name or names of nominees without disclosing the fiduciary relationship created by this Settlement and to deposit the said securities and any title deeds or other documents belonging or relating to the Trust fund in any part of the world with any bank firm trust company or other company that undertakes the safe custody of securities as part of its business without being responsible for the default of such bank firm trust company or other company or for any consequent loss

15.    <u>Power to delegate management of investments</u>

(a)    THE Trustees shall have power to engage the services of such investment adviser or advisers as the Trustees may from time to time think fit ("the investment adviser") to advise the Trustees in respect of the investment and reinvestment of the Trust Fund with power for the Trustees without being liable for any consequent loss to delegate to the investment adviser discretion to manage all or any part of the Trust Fund within the limits and for the period stipulated by the Trustees and the Trustees shall settle the terms and conditions for the remuneration of the investment adviser and the reimbursement of the investment adviser's expenses as the Trustees shall in their absolute discretion think fit and such remuneration and expenses shall be paid by the Trustees from the Trust Fund

KR-0177

responsible for any changes in the legal status of the investment
adviser

(c)    The Trustees shall incur no liability for any action taken pursuant to
or for otherwise following the advice of the investment adviser
however communicated

16.    <u>Power to receive remuneration</u>

NO trustee shall be liable to account for any remuneration or other profit received
by such trustee in consequence of such trustee acting as or being appointed to be
a director or other officer or servant of any company notwithstanding that such
appointment was procured by an exercise by such trustee or by the Trustees of
voting rights attached to securities comprised in the Trust Fund

17.    <u>Power to promote companies</u>

THE Trustees may (without prejudice to the generality of their powers of
investment) promote or join with any other person or persons in promoting or
incorporating any company in any part of the world or subscribe for or acquire
any of the shares or stock or debentures or debenture stock or loan capital of any
company with a view to or in consideration of

(a)    the establishment and carrying on by such company of a business of
any kind which the Trustees are for the time being authorised to carry
on themselves and the acquisition of any of the assets comprised in
the Trust Fund which may be required for the purposes of such
business

(b)    the acquisition of the assets and undertaking of any business being
carried on by the Trustees under the above power

- 24 -

KR-0177

to be held as investments of the company acquiring the same

18. Trustees not bound to interfere in business of company in which the settlement is interested

THE Trustees shall not be bound or required to interfere in the management or conduct of the business of any company wherever resident or incorporated in which the Trustees as trustees of this Settlement shall be interested although holding the whole or a majority of the shares carrying the control of the company but so long as the Trustees shall have no notice of any act of dishonesty or misappropriation of moneys on the part of the directors having the management of such company the Trustees shall be at liberty to leave the conduct of its business (including the payment or non-payment of dividends) wholly to the directors and the Beneficiaries shall not be entitled to require the distribution of any dividend by any such company or require the Trustees to exercise any powers they may have of compelling any such distribution

19. Power to insure property

THE Trustees shall have power to insure against any loss or damage from any peril any property for the time being comprised in the Trust Fund for any amount and to pay the premiums out of the Trust Fund

20. Power to take Counsel's Opinion

THE Trustees shall have power to take the opinion of legal counsel locally or where necessary or appropriate elsewhere concerning any difference arising under this Settlement or any matter in any way relating to this Settlement or to their duties in connection with these trusts and in all matters to act in accordance with the opinion of such counsel

- 25 -                                      KR-0177

THE Trustees shall have power instead of acting personally to employ and pay at the expense of the Trust Fund any agent in any part of the world whether attorneys solicitors accountants brokers banks trust companies or other agents without being responsible for the default of any agent if employed in good faith to transact any business or act as nominees or do any act in the execution of these trusts including without prejudice to the generality of the above the receipt and payment of moneys and the execution of documents

22.    Power to permit self-dealing

THE Trustees shall have power to enter into any transaction concerning the Trust Fund notwithstanding that one or more of the Trustees may be interested in the transaction other than as one of the Trustees

23.    Power to effect compromises

THE Trustees shall have power to:

(a)    Accept any property whether movable or immovable before the time at which it is transferable or payable

(b)    Pay or allow any debt or claim on any evidence which they may think sufficient

(c)    Accept any composition or any security movable or immovable for any debt or any property due to or claimed by the Trustees

(d)    Allow any time for payment of any debt

KR-0177

settle any debt account claim or thing relating to the Trust Fund
without being liable for any loss to the Trust Fund thereby occurring

24.    Power to keep property outside jurisdiction

THE Trustees shall have power to keep the whole or any part of the Trust Fund
within or without the jurisdiction of the proper law

25.    Power to have accounts audited

THE Trustees shall have power from time to time and at such intervals as they
shall in their sole discretion think fit to cause the accounts kept by them relating
to this Settlement to be examined or audited by such person or persons as they
shall designate and to pay the costs of such examination or audit out of the capital
or income of the Trust Fund

26.    Indemnity

IN the execution of these trusts no trustee shall be liable for any loss to the Trust
Fund arising by reason of any improper investment made in good faith or for the
negligence or fraud of any agent employed by such trustee or by any of the
Trustees although the employment of such agent was not strictly necessary or
expedient or by reason of any mistake or omission made in good faith by such
trustee or by any of the Trustees or by reason of any other matter or thing except
wilful and individual fraud or dishonesty on the part of the trustee who is sought
to be made liable

27.    Payments on behalf of minors

KR-0177

whereas any payment is made or property transferred to or for the benefit of a minor the Trustees may pay or transfer the same to the parent or guardian of such minor without enquiring as to its application and the receipt of such parent or guardian shall be a sufficient receipt to the Trustees for the same

28.    Non-disclosure

SUBJECT to an order of any competent court the Trustees shall not be bound to disclose to any person any document or other matter relating to this Settlement

KR-0177

THE SECOND SCHEDULE

TEN UNITED STATES DOLLARS ($10)

KR-0177

by the said HANS
BACHOFEN in the        )
presence of:-          )

( R Streitenburger )


SIGNED as a DEED by      )
the said   Hans Gassner  )
   J Onor Notthias Donhauser )
duly authorized officers of  )
**DUNROS TRUST**             )
**COMPANY LIMITED** in       )
accordance with its      )
constitution in the      )
presence of:-            )

tennett 74
Fl ·9490 Vaduz

- 30 -