# Exhibit V



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 9, 2013

<u>By Hand</u>
The Honorable Andrew J. Peck
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1370
New York, New York 10007-1312

        Re:    <u>United States v. Arnold Maurice Bengis, *et al.*</u>
                03 Cr. 308 (LAK) (AJP)

Dear Judge Peck:

        The Government respectfully submits this letter to request, pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), that the Court:

                (1)    certify certain facts concerning the defendants' failure to comply with the Court's order that they provide a financial affidavit; and

                (2)    order that they show cause before the Honorable Lewis A. Kaplan why they should not be held in civil contempt.

## I.    <u>Relevant Facts and Procedural Background</u>

        Yesterday, the parties appeared before Judge Kaplan on the Government's motion for an order:

                (1)    restraining and enjoining the defendants from transferring or otherwise disposing any assets held at SG Hambros Bank in the Channel Islands ("SG Hambros"); and

                (2)    directing the defendants to pay $54,883,550 into the Registry of the Court.

        The motion arises out of the Government's discovery of more than $50 million held in the names of corporations that defendant Arnold Maurice Bengis previously indicated were owned by a trust from which he had previously requested and obtained substantial distributions.

The Honorable Andrew J. Peck
April 9, 2013
Page 2

In advance of the proceeding, the defendants had filed Declarations asserting, in general, a lack of connection with most assets held at SG Hambros.

As a result of yesterday's proceeding, Judge Kaplan extended to April 22, 2013, a previously entered order restraining and enjoining the defendants from transferring or otherwise disposing of any assets held at SG Hambros Bank in the Channel Islands, except to the extent that any such assets exceed the sum of $54,883,550.

During the proceeding, Judge Kaplan raised various questions concerning the ownership of assets held at SG Hambros.  See generally 4/8/13 Tr. at 4-5, 7 (attached hereto as Exh. A).  In response, the Government noted that one reason for the lack of information concerning assets held at SG Hambros was that, despite your Honor's order that they do so, the defendants have failed to provide financial affidavits.  See Exh. A at 28-29.  The Court noted this failure in its August 16, 2012, Report and Recommendation.  See R&R, slip op. at 17 ("Defendants were ordered to submit updated financial affidavits to the Court by July 6, 2012.  Defendants failed to do so.") (citation omitted).

Judge Kaplan did not, however, wish to enter another order directing the defendants to file a financial affidavit, in light of the defendants' failure to comply with your Honor's June 4, 2012, order.  See Exh. A at 33-34 ("The Court: I know that but, you know, this is one of the reasons why my concern about issuing orders into the void is here.  Judge Peck issued just exactly the order you wanted and it went into the void.").

Although the Government previously brought the defendants' failure to comply with your Honor's order to Judge Kaplan's attention, specifically, in the context of seeking to have Judge Kaplan adopt your Honor's Report and Recommendation, the Government has now determined to seek an order holding the defendants in civil contempt, based on the colloquy with Judge Kaplan.  See Exh. A at 28, 33-34.

## II.   <u>Applicable Law</u>

Section 636(e)(6)(B)(iii) governs contempts in felony criminal cases and indicates that where "the act constitutes a civil contempt":

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii).

The Honorable Andrew J. Peck
April 9, 2013
Page 3

      "A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.  It need not be established that the violation was willful."  <u>JSC Foreign Economic Ass'n Technostroyexport v. International Dev't & Trade Servs., Inc.</u>, No. 03 Civ. 5562, 2005 WL 1983905, *9 (S.D.N.Y. Aug. 18, 2005) (citing <u>Paramedics Electromedia Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.</u>, 369 F.3d 645, 655 (2d Cir. 2004)); <u>see also</u> <u>Telenor Mobile Communications AS v. Storm LLC</u>, 587 F. Supp.2d 594, 615 (S.D.N.Y. 2008) (articulating third element of contempt as "the violating party has not been reasonably diligent and energetic in attempting to accomplish what was ordered").

## III.    <u>Request for Certification Pursuant to Section 636(e)(6)(B)(iii).</u>

      Based on the record before your Honor and the attached exhibits, the Government requests that the Court certify the following facts:

      (1)    On June 4, 2012, at a conference at which the defendants appeared by telephone, the Court orally ordered the defendants to prepare and serve upon the Government a financial affidavit on or before July 6, 2012.  <u>See</u> Exh. B at 13-14.

      (2)    On June 4, 2012, the Court entered a written order to like effect, which was sent to the defendants by e-mail and which they received.  <u>See</u> Exh. C.

      (3)    The Court's June 4, 2012, oral and written orders were clear and unambiguous.

      (4)    On June 4, 2012, at the Court's direction, the Government provided to the defendants by e-mail all of the forms necessary for the preparation of financial affidavits.  <u>See</u> Exh. D.

      (5)    On July 9, 2012, the Government provided to the defendants another copy of the forms necessary for the preparation of financial affidavits.  <u>See</u> Exh. D.

      (6)    Based on their use of the same e-mail addresses to which the e-mails referred to in Items (2), (4), and (5), above, were sent, the defendants received the e-mails referred to in Items (2), (4), and (5), above.

      (7)    The defendants did not provide to the Court or to the Government the financial affidavits ordered by the Court.

      (8)    The defendants have not provided any explanation concerning why they did not provide financial affidavits or why they did not comply with the Court's June 4, 2012, oral and written orders.

The Honorable Andrew J. Peck
April 9, 2013
Page 4

        (9)     The defendants have not demonstrated diligence, and have not been energetic, in attempting to comply with the Court's June 4, 2012, oral and written orders.

        The Government further requests, pursuant to Section 636(e)(6)(B), that the Court order the defendants to appear personally before Judge Kaplan on a date and time set by Judge Kaplan's chambers, to show cause why they should not be adjudged in contempt by reason of the facts certified in Items (1) through (9), above.

        The Government has enclosed herewith a proposed Certification and Order.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By: _____
        Daniel W. Levy
        Assistant United States Attorney
        Telephone:  (212) 637-1062

Attach. (Exhs. A through D);
Encl. (proposed certification and order)

cc:    Mark A. Berube, Esq. (by e-mail; w/attach. & encl.)